**F I L E D**

**UNITED STATES COURT OF APPEALS**

**AUG 11 2004**

**TENTH CIRCUIT**

MANUEL RAUL REYO PENA
GARCIA MONTERO,

    Petitioner - Appellant,

v.

GEORGE BUSH,

    Respondent - Appellee.

No. 04-5022
(D.C. No. 04-CV-49-EA)
(N.D. Okla.)

MANUEL RAUL REYO PENA
GARCIA MONTERO,

    Petitioner - Appellant,

v.

GEORGE BUSH,

    Respondent - Appellee.

No. 04-8032
(D.C. No. 04-CV-45-CAB)
(D. Wyo.)

**ORDER AND JUDGMENT**\*

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **KELLY**, **HENRY**, and **TYMKOVICH**, Circuit Judges.[**]

Petitioner-Appellant Manuel Raul Reyo Pena Garcia Montero, a federal prisoner appearing pro se, seeks to appeal the denial of his two petitions for habeas corpus, 28 U.S.C. § 2241. We have consolidated these two appeals on our own motion. See Fed. R. App. P. 3(b)(2).

In No. 04-5022, Mr. Montero appeals from an order of the United States District Court for the Northern District of Oklahoma, dismissing his § 2241 petition. In order to appeal the district court's dismissal of his petition, Mr. Montero requests that this court grant him leave to proceed in forma pauperis (IFP). Mr. Montero is required to demonstrate not only a financial inability to pay the required fees, but also "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." McIntosh v. United States Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997) (internal quotation marks omitted). Although a § 2241 petition is not a "civil action" for purposes of § 1915(a)(2) and (b), a petitioner still must comply with the good faith requirements of 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3)(A), and the appeal is subject to dismissal if shown to be frivolous. 28 U.S.C. § 1915(e)(2)(B)(i); McIntosh, 115

---

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

F.3d at 112.

Despite finding Mr. Montero's claims "fantastic and delusional," the district court, in an abundance of caution, granted Mr. Montero IFP status and then summarily dismissed his claims on the merits. R. (04-5022) Doc. 3 at 2. The district court then certified that the appeal was not taken in good faith and denied IFP on appeal.

We also deny IFP and dismiss the appeal because Mr. Montero has failed to show the existence of a nonfrivolous argument on the law and facts in support of the issues raised on appeal and the appeal is frivolous. The underlying claims are clearly "fantastic and delusional" and factually frivolous. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

In No. 04-8032, the United States District Court for the District of Wyoming dismissed Mr. Montero's § 2241 petition, finding that the court lacked jurisdiction because Mr. Montero is neither incarcerated in Wyoming nor incarcerated pursuant to an order of any court in the State of Wyoming. See R. (No. 04-8032) Doc. 2 at 1-2; Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996) ("A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined."). Because Mr. Montero has submitted the identical materials in support of this appeal as he submitted in support of the appeal discussed above,

we likewise deny IFP status and dismiss the appeal.

APPEALS DISMISSED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge