**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Dawane Arthur MALLETT,**
**Defendant–Appellant.**

No. 06–10007.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 16, 2006.*

Filed Dec. 1, 2006.

Office of the U.S. Attorney, Sacramento,
CA, for Plaintiff–Appellee.

Victor Stephen Halton, Sacramento, CA,
for Defendant–Appellant.

Before: SCHROEDER, Chief Circuit
Judge, FARRIS and RAWLINSON,
Circuit Judges.

### MEMORANDUM **

Defendant appeals the 654–month sentence imposed by the district court as unreasonable. Although the sentence is lengthy, it is reasonable. The district court properly considered the Sentencing Guidelines and other relevant sentencing factors. We affirm.

On remand under *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc), the district court determined that the original sentence would not have materially differed had the court known that the Guidelines were advisory. Defendant's sentence is therefore reviewed for reasonableness. *Id.* at 1079. The district court must "demonstrate implicit or explicit consideration of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Mohamed*, 459 F.3d 979, 985 (9th Cir.2006).

The district court explicitly discussed the relevant § 3553(a) factors, including the Guidelines, Defendant's recidivist history, Defendant's lack of remorse, the need to appropriately punish Defendant, the potential sentences available, and the need to protect the public from Defendant.

The cumulative charges against Defendant significantly increased his sentence.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*See* 18 U.S.C. § 924(c)(1) (punishment for using a firearm during a crime of violence increases from five years for the first violation to twenty-five years for the second). However, his sentence's length does not indicate that it is unreasonable. Instead, it indicates that the district court properly considered the § 3553(a) factors, which impose heavy penalties for recidivism.

Defendant offers no argument that undermines the district court's application of the Guidelines or the other § 3553(a) factors.

**AFFIRMED.**