**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4874

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHNNY BOYD BURRIS, JR., a/k/a Rahiymu El Bey,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Rock Hill.  Cameron McGowan Currie, District
Judge.  (0:03-cr-00551-CMC)

Submitted:  May 25, 2007                Decided:  July 2, 2007

Before MICHAEL, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Allen B. Burnside, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant.  Stacey Denise Haynes, OFFICE OF THE
UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Johnny Boyd Burris, Jr., of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). The district court sentenced Burris to a forty-six-month term of imprisonment. Burris' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising several issues but stating that, in his view, there are no meritorious grounds for appeal. Burris was informed of his right to file a pro se supplemental brief, but he has not done so. We affirm.

Counsel first notes that Burris "only wanted to argue that the court lacked jurisdiction because of his status as a Moorish American National." (Appellant's Br. at 20). This claim is patently frivolous. Federal district courts retain original jurisdiction over offenses against the laws of the United States. 18 U.S.C. § 3231 (2000).

Next, counsel states that the district court found Burris competent to stand trial and that the court concluded that his belief system did not affect his ability to understand the nature of the proceedings against him. To the extent counsel questions the district court's competency ruling, we find no clear error in the district court's ruling. See United States v. Robinson, 404 F.3d 850, 856 (4th Cir. 2005) (stating standard of review and providing standard); cf. United States v. James, 328 F.3d 953,

955-56 (7th Cir. 2003) (finding competency evaluation not warranted for defendant who articulated beliefs of Moorish nation). Thus, Burris is not entitled to relief on this claim.

Finally, counsel raises as a potential issue the sufficiency of the evidence. Our review of the trial transcript leads us to conclude that the evidence was sufficient to convict. See United States v. Smith, 451 F.3d 209, 216 (4th Cir.) (discussing standard of review for denial of motion filed under Fed. R. Crim. P. 29), cert. denied, 127 S. Ct. 197 (2006); see also United States v. Moye, 454 F.3d 390, 395 (4th Cir.) (discussing elements of § 922(g)(1) offense), cert. denied, 127 S. Ct. 452 (2006).

In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm Burris' conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED