FILED
United States Court of Appeals
Tenth Circuit

February 1, 2018

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT
_____

GERALD R. CARROLL, a/k/a Gabriel
Salim Baseer Bey,

      Petitioner - Appellant,

v.

JOE MOOREHEAD, Warden USP
Colorado,

      Respondent - Appellee.

No. 17-1353
(D.C. No. 1:17-CV-02025-LTB)
(D. Colo.)

_____

## ORDER AND JUDGMENT
_____

Before **BRISCOE**, **HOLMES**, and **MATHESON**, Circuit Judges.
_____

Gerald R. Carroll filed a 28 U.S.C. § 2241 application to challenge the legality of

his incarceration at the federal prison in Florence, Colorado on the ground that he is a

"Moorish American National" and not subject to federal jurisdiction under the "Act of

State doctrine" and the "Political Question Doctrine." ROA at 4. The district court

denied his application, stating that "[c]ourts routinely reject as frivolous the argument

that an individual, being allegedly Moorish in ancestry, is somehow individually

sovereign and outside of federal jurisdiction." *Id.* at 26 (citing cases). Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

Mr. Carroll lists three arguments in his appellate brief.[1]

First, he argues the district court erred by failing to address whether he has met the Article III standing requirement. Aplt. Br. at 3. But the issue in this proceeding is not Mr. Carroll's standing—the district court did not say that he lacked standing—it is whether his application states a viable claim. And, of course, if Mr. Carroll lacks standing, this matter would be dismissed for lack of jurisdiction. *See Sause v. Bauer*, 859 F.3d 1270, 1278 (10th Cir. 2017).

Second, Mr. Carroll argues the district court erred by denying his request to proceed *in forma pauperis* on appeal, in certifying that any appeal would not be taken in good faith, and in not ordering the government to respond to his § 2241 application. Aplt. Br. at 4-5. Because we agree with the district court's ultimate disposition that Mr. Carroll's application should be dismissed as frivolous, we find the district court acted within its discretion as to each of these alleged errors.

Third, he argues the district court erred under "Article IV § 1 and Article VI, Where Documents Presented Are Entitled to 'Full Faith and Credit' of the United States. And a Republican Form of Government." Aplt. Br. at 5. Mr. Carroll then refers to documentation of his "Moorish American National Status." *Id.* The referenced documents appear in the record, and there is no indication the district court failed to consider them. He next argues the district court denied him the right to challenge his

---

[1] Because Mr. Carroll is pro se, we liberally construe his filings but do not act as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

detention in violation of due process. *Id.* at 5-6. But the district court did not deny him the right to challenge his detention; it determined that his challenge is frivolous.

To the extent Mr. Carroll's arguments challenge the dismissal of his claim that the United States lacks jurisdiction to incarcerate him because he is a Moorish American National, as noted above, we agree with the district court that his claim is frivolous. Courts uniformly have so held. *See*, *e.g.*, *Bey v. State*, 847 F.3d 559, 561 (7th Cir. 2017) (declaring argument "that as a result of eighteenth-century treaties the United States has no jurisdiction over its Moorish inhabitants" is "without any basis in fact"); *United States v. Burris*, 231 Fed. Appx. 281, 282 (4th Cir. 2007) (unpublished) (describing the defendants claim that "the court lacked jurisdiction because of his status as a Moorish American National" as "patently frivolous"); *United States v. Heggins*, 240 F. Supp. 3d 399, 404 (W.D.N.C. 2017) (stating "[c]ourts . . . have repeatedly rejected similar [Moorish American National] arguments as baseless and frivolous"); *Moose v. Krueger*, 2016 WL 7391513 at *3 (C.D. Ill. Dec. 21, 2016) (rejecting for the fifth time as "meritless" the claim that the government, including the federal court, lacks jurisdiction because the petitioner is a Moorish American National sovereign citizen). Mr. Carroll offers no pertinent authority to the contrary.

We affirm the judgment of the district court. Because Mr. Carroll has not advanced a "reasoned, nonfrivolous argument" on appeal, *see Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005), we deny his request to proceed *in forma pauperis*.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge