**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 15, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MARQUES NOLAN-BEY,

     Plaintiff - Appellant,

v.

WICKHAM GLASS, INC.; GREG
WICKHAM; JEFF WOLFE,

     Defendants - Appellees.

No. 17-3259
(D.C. No. 6:17-CV-01196-JTM-KGG)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

Marques Nolan-Bey appeals the district court's dismissal of his complaint.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

Nolan-Bey filed suit against Wickham Industries, Inc., which he incorrectly

named in his complaint as Wickham Glass, Inc., and two of its employees.  He

alleged that defendants failed to train him properly and terminated his employment.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Defendants moved to dismiss the complaint for failure to state a claim upon which relief could be granted.

The district court granted the defendants' motion, concluding that Nolan-Bey failed to state a claim even given the liberal construction standard afforded pro se litigants.[1] It noted that none of the laws named in the complaint—including 18 U.S.C. § 241, the Articles of Confederation, and a peace treaty between the United States and Morocco—could give rise to a civil cause of action between private parties. The district court stated that the complaint could be generously read to assert a claim for race or national origin discrimination under Title VII, but such a claim would be subject to dismissal for failure to exhaust. Finally, the court concluded that the complaint failed to state a claim for breach of contract because the allegations were mere conclusory statements of law.

We review a Fed. R. Civ. P. 12(b)(6) dismissal de novo, accepting as true all well-pled factual allegations in the complaint and viewing them in the light most favorable to the plaintiff. Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted).

On appeal, Nolan-Bey advances a number of arguments, asserting that the district court demanded unconstitutional "feudal law" fees from him, that he is not

---

[1] Because Nolan-Bey is proceeding pro se, we liberally construe his filings, but stop short of acting as his advocate. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

2

subject to the exhaustion requirement because it is not enshrined in the federal Constitution, that the district court denied him due process by construing his affidavits as motions, and that he is not subject to the Federal Rules of Civil Procedure or the local rules of the District of Kansas. Because these arguments are frivolous, we affirm the district court's dismissal of Nolan-Bey's complaint. See Carroll v. Moorehead, 710 F. App'x 346, 347 (10th Cir. 2018) (unpublished) (rejecting a similar set of arguments).

## III

**AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge