FILED
United States Court of Appeals
Tenth Circuit

May 10, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAWANE ARTHUR MALLETT,

Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

Respondent - Appellee.

No. 18-1006
(D.C. No. 1:17-CV-02591-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Dawane Arthur Mallett, a federal prisoner proceeding pro se, appeals from an order of the district court dismissing his 28 U.S.C. § 2241 habeas corpus

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

petition as frivolous. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **affirms** the district court's order of dismissal.

In 2003, Mallett "was convicted of two counts of aiding and abetting interference with commerce by robbery, in violation of 18 U .S.C. § 1951(a)(2); two counts of use of a firearm, in violation of 18 U.S.C. § 924(c); one count of aiding and abetting armed bank burglary and kidnapping, in violation of 18 U.S.C. § 2113(a), (d) and (e); and one count of aiding and abetting carjacking a vehicle that has been transported in interstate commerce, in violation of 18 U.S.C. § 2119." *United States v. Mallett*, No. 2:02-cr-0416, 2011 WL 475318, at *1 (E.D. Cal. Feb. 4, 2011). He was sentenced to 654 months in federal prison. *Id.* The Ninth Circuit affirmed. *United States v. Mallett*, 209 F. App'x 667, 667-68 (9th Cir. 2006). Mallett eventually filed the instant § 2241 petition in district court asserting a right to be immediately released and deported to the United Kingdom pursuant to the provisions of 8 U.S.C. § 1536(a)(3) and 8 U.S.C. § 1537(a)(1)-(2). In support of his asserted entitlement to immediate release, Mallett claimed that as a "Moorish American," he had a "divine inherent birthright to ex-patriate and re-patriate at any time." *But see Carroll v. Moorehead*, 710 F. App'x 346, 347 (10th Cir. 2018) (collecting cases for the proposition that claims "Moorish American Nationals" are entitled to special legal rights are legally frivolous). Attached to Mallett's petition was an "Oath of Office Appointment Affidavit," with a signature on the part of Mallett described

as "Signature of Major President United Kingdom of Great Britain and Ireland," and the purported signature of "Queen Elisebeth [sic], Queen of England." The district court concluded Mallett's allegations were "delusional and factually frivolous" and that his claim rested on "an indisputedly meritless legal theory."

The district court's conclusion that Mallett's § 2241 petition is frivolous is indisputably correct and Mallett's flimsy appellate arguments to the contrary are utterly frivolous. Accordingly, for exactly those reasons set out by the district court, this court **AFFIRMS** the district court's order of dismissal. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005); *Montero v. Bush*, 107 F. App'x 180, 181 (10th Cir. 2004). Furthermore, because Mallett has failed to make a reasoned, nonfrivolous argument on appeal, we **DENY** his motion to proceed on appeal in forma pauperis and order him to remit the full appellate filing fee forthwith.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge